UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON, | Case No. 20-cv-07129-SK |
| Plaintiff, | |
| v. | **NOTICE OF QUESTIONS FOR HEARING** |
| CITY OF PITTSBURG, | |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 5, 2021 AT 9:30 A.M.  The Court intends to address the questions below at the hearing.  If, in response to a question in this notice, any party intends to rely on authorities not previously cited to the Court, that party is ORDERED to notify the Court and opposing counsel of these authorities by no later than March 29, 2021.  Moreover, the Court advises the parties that it will not accept written answers to this question.

The parties shall be prepared to address the following questions at the hearing:

1. California's two-year statute of limitations for personal injury actions applies to § 1983 claims. *Butler v. Nat'l Community Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.  Whether the limitations period may be tolled is also determined by California law, unless it is inconsistent with federal law.  *Butler*, 766 F.3d at 1198.  On April 6, 2020, the Judicial Council of California enacted Emergency Rule 9 due to the COVID-19 pandemic. Emergency Rule 9 suspends from "April 6, 2020, until October 1, the statutes of limitation and repose for civil causes of action that exceed 180 days." *See* Judicial Council of California, Amended Cal. Rules of Court, Emergency Rule 9.  Do

Defendants dispute that Emergency Rule 9 applies to Plaintiff's proposed claims against arresting officer Kyle Dickson? If so, on what basis?

2. If the tolling pursuant to Emergency Rule 9 applies, do Defendants dispute that Plaintiff's proposed claims would be timely?

3. As the Supreme Court made clear "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 552 (2010). Does Plaintiff contend that he made a mistake regarding the arresting officer's identity? If so, what mistake?

**IT IS SO ORDERED**.

Dated: March 22, 2021

_____
SALLIE KIM
United States Magistrate Judge